## MAXWELL v. FOSTER.

1. DEFENSE—NOTICE—STOCK—CAUSE OF ACTION.—A COMPLAINT alleging that the plaintiff is the owner of certain bank stock, which he assigned to A. as collateral security for a debt, and which A. turned over to B., upon payment by B. of plaintiff's note to A., and by B. turned over to C. as collateral to his debt to C., who had the stock transferred on the books of the bank to himself, states a cause of action against B. and C. for an accounting for the stock; and the fact that C. acquired possession of the stock without notice of plaintiff's title, is a defense and must be pleaded.

2. REHEARING refused.

Before KLUGH, J., Greenville, September, 1901. Affirmed.

Action by John H. Maxwell against Robert C. Foster,

1—64

Mrs. Mary B. Foster and National Bank of Greenville. From Circuit decree overruling demurrers of R. C. Foster and National Bank of Greenville, these defendants appeal.

*Messrs. M. F. Ansel, Cothran & Cothran,* for appellants. *Mr. Cothran* cites: *The doctrine of estoppel can be asserted by the transferee of a non-negotiable paper:* 50 S. C., 257; 57 S. C., 481; 46 N. Y., 325. *Where one indorses a certificate of stock in blank and thus puts it in the power of his agent to transfer it, the transferee will be protected:* 46 N. Y., 325; 11 Rich. Eq., 344; 13 Mass., 105; 101 U. S., 575; 93 U. S., 324; 11 S. C., 519; 3 Am. St. R., 591; 48 S. C., 130; 39 S. C., 216; 13 S. C., 5.

*Mr. Ansel* cites: *Plaintiff cannot recover the stock until it has paid the debt due the bank by Foster:* Cook on Stock and Stockholders, sec. 351, and note 4; 46 N. Y., 325; 36 La. Ann., 585; 53 Tex., 162; 97 Pa. St., 153; 26 At. R., 302; L. R., 20 B. D., 194; 11 Rich. Eq., 344; 81 Pa. St., 19; 105 Ill., 436; 6 Daly, 129; 9 Beav., 333; 6 E. R., 877; 13 Mass., 105; 101 U. S., 575; 15 Mass., 369; 36 N. Y., 395; 9 How., 580; 10 Wall., 604; L. R., 1 Q. B., 585; Owen, 123; Yelv., 128; Scott's C. B., N. S., 331; 8 Wheat., 174; 93 U. S., 324; 21 Vt., 353; 11 S. C., 519. *Plaintiff is estopped from asserting any claim to the stock until he pays Foster's debt:* 1 Mor. on Priv. Corp., sec. 185; 3 Am. St. R., 591; Big. on Estop., 2 ed., 434.

*Messrs Carey & McCullough,* contra, cite: *Plaintiff has the legal title to the stock and must recover, unless he is estopped; certificates are not negotiable papers:* Code, 133; 38 S. C., 138; 50 S. C., 257; 57 S. C., 481; 4 Rich. Eq., 105; 59 S. C., 147; Clark on Corporations, 427. *The national bank had constructive notice of plaintiff's rights, and complaint, therefore, states a cause of action:* 19 Stat., 544; 22 Stat., 999; 48 S. C., 120.

The opinion in this case was filed January 20, 1902; but

upon petition for rehearing, remittitur stayed until

April 18, 1902.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The appeal herein is from an order of the Circuit Court, reversing an order of the special referee sustaining the demurrer of the defendants, Robert C. Foster and National Bank of Greenville, to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.   It will be necessary, therefore, to refer to the complaint, which is as follows:

"I.  That some time prior to the commencement of this action, the plaintiff was the owner of ten shares—$100 each—of the capital stock of the American Bank, which is a corporation duly chartered by and under the laws of the State of South Carolina, and as evidence thereof the said American Bank issued to the plaintiff a certificate to that effect, under its corporate seal, and under the signature of its president and cashier, which certificate was No. ——, and in the usual form.

"II.  That thereafter the plaintiff borrowed of one Lafayette Hogg the sum of $1,000, and deposited with the said Lafayette Hogg as collateral security to the note given him by the plaintiff as evidence of the said loan, the said certificate of bank stock indorsed in blank.

"III.  That thereafter the plaintiff borrowed of the defendant, Mrs. Mary B. Foster, through the defendant, R. C. Foster, her husband and agent, the sum of $1,000, and as evidence thereof gave to her his promissory note, payable one day after date.

"IV.  The plaintiff instructed the defendant, R. C. Foster, to pay off the note held by the said Lafayette Hogg out of the proceeds of the said loan, but did not instruct him to take possession of the said certificate of bank stock, neither did he instruct the said Lafayette Hogg to deliver the said certificate of bank stock to the said R. C. Foster nor to any other person.

"V. The plaintiff is informed and believes, however, that when the said R. C. Foster paid off the note held by the said Lafayette Hogg, he also wrongfully took possession of the said bank stock without the knowledge or the consent of this plaintiff.

"VI. This plaintiff is informed and believes that thereafter the said R. C. Foster deposited the said bank stock with the defendant, National Bank of Greenville, which is a corporation duly chartered by and under the national banking laws of the United States of America. That said deposit was made to secure, so the plaintiff is informed and believes, an individual indebtedness of the said R. C. Foster.

"VII. That on the 4th day of June, 1900, the defendant, National Bank of Greenville, through its cashier, W. E. Beattie, so plaintiff is informed and believes, directed the American Bank to cancel the said original certificate and issue a new certificate for the said ten shares of stock in the name of the said R. C. Foster.

"VIII. Thereupon, so this plaintiff is informed and believes, the said American Bank, through W. L. Gassaway, its cashier, filled out the blank power of attorney on the back of said certificate and over the plaintiff's signature, issued a new certificate in the name of the defendant, R. C. Foster, and marked the original certificate, which was in the name of this plaintiff, cancelled, and the name of the defendant, R. C. Foster, now appears on the books of the said corporation as the owner of said ten shares of stock.

"IX. That all the above was done without the knowledge or consent of this plaintiff, who had up to that time received regularly dividends on account of his ten shares of stock.

"X. That some time prior to the said 4th day of June, 1900, plaintiff paid off the note given to the defendant, Mrs. Mary B. Foster; and when he failed to receive his semi-annual dividend on the said ten shares of stock, due July, 1900, he inquired of the said American Bank the reason therefore, and was informed, for the first time, that at the request of W. E. Beattie, cashier, who presented the original

certificate of stock, the said certificate was cancelled and a new certificate issued for the said ten shares of stock to the said R. C. Foster, and that he now appears on the books of the said bank as the owner thereof.

"XI. Thereafter the plaintiff made demand both upon the National Bank of Greenville and R. C. Foster for the possession of the said certificate of stock, and they refused, and still refuse, to deliver the same to this plaintiff.

"XII. That the said bank has received the semi-annual dividend on the said ten shares of stock, due July, 1900, and amounting to $35, so plaintiff is informed and believes, and refuses to account to this plaintiff therefor.'

"XIII. That the defendant, R. C. Foster, so plaintiff is informed and believes, is hopelessly insolvent.

"XIV. That the value of the said ten shares of stock, so plaintiff is informed and believes, is $108 per share."

The ground of demurrer on the part of National Bank of Greenville is as follows: "It appears upon the face of the complaint that the plaintiff, by negligence or misplaced confidence, allowed R. C. Foster to get possession of the certificate of stock in question, indorsed in blank by plaintiff, and thus enabled him to pass the same for value to the defendant, National Bank of Greenville; that the said R. C. Foster did so pass it to said National Bank of Greenville for value; and there is no allegation in said complaint that said bank had any knowledge of such alleged breach of trust."

R. C. Foster's ground of demurrer is as follows: "It appears upon the face of the complaint that the defendant, National Bank of Greenville, is entitled to the certificate of stock in question, by reason of the allegations of the complaint that said bank is a *bona fide* holder thereof for value from this defendant, who was enabled to pass it to said bank by the conduct of the plaintiff; and that it is, therefore, beyond this defendant's power to respond to the relief prayed for."

The record contains the following statement: "It is admitted that the note of Maxwell to L. Hogg was dated

August 3d, 1893, and was paid in December, 1893. Foster's note to the bank was made December 7th, 1894, and stock in dispute pledged to secure it. These facts are admitted by agreement of counsel, and for the purpose of the demurrers herein it is agreed by counsel that they shall be considered as if they were alleged in the complaint. It is further admitted by counsel that the authority given to R. C. Foster by Dr. Maxwell to pay off the note to Hogg with the money borrowed by Maxwell from Mrs. Mary B. Foster, involved and carried with it the authority to Foster to receive possession of the note from Hogg, and also the bank stock pledged to secure its payment; and counsel agree that for the purpose of these demurrers this admission shall be taken as part of the complaint. It is further admitted by counsel that the reason why Dr. Maxwell did not demand of R. C. Foster the possession of the bank stock before it was pledged with the bank, was that he was under the impression that R. C. Foster, agent of Mrs. Mary B. Foster, had the right to hold it until he, Dr. Maxwell, paid the note to her. That no instruction was given to R. C. Foster and no agreement was made by the parties with reference thereto, nothing being said by either in reference to the bank stock at the time Maxwell instructed R. C. Foster to pay off the Hogg note. It is agreed by counsel that for the purpose of the demurrers the above shall be deemed a part of the complaint."

In his report the special referee says : "The main question, indeed the only question, argued before me on the hearing of this case, was whether or not the National Bank of Greenville is entitled, under the allegations of the complaint, to withhold said stock from the plaintiff. The question is: Who has the better title to these ten shares of stock, the plaintiff or the National Bank of Greenville?"

R. C. Foster and National Bank of Greenville appealed upon numerous exceptions, which it will not be necessary to consider in detail, as what we shall say shows that the complaint states a good cause of action against both of them. The allegations of the complaint show that

the plaintiff was the owner of the certificates of stock at the time they were transferred to the bank by R. C. Foster, and that the assignment of them was made without authority, and in violation of the plaintiff's rights. The right of the bank to protection against the title of the plaintiff is dependent upon the manner in which it became possessed of the certificates, one of the prerequisites being that its possession was acquired without notice that the plaintiff was the owner thereof. The complaint does not show that the bank came into possession of the certificates without notice of the plaintiff's rights. It was, therefore, necessary for the bank to allege that it acquired possession without notice that the certificates belonged to the plaintiff, if it desired the benefit of such fact. These views practically dispose of all the exceptions.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.

On petition for rehearing, the following order was filed April 18, 1902.

On examination of this petition, it fails to satisfy us that any material fact or principle of law has either been overlooked or disregarded; hence there is no ground for a rehearing.

It is, therefore, ordered, that the petition be dismissed, and that the stay of remittitur heretofore granted be revoked.